# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN H.C. BLACK, ) | CASE NOS. 1:17-CV-2691; 1:14-CR-413 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This case is before the Court on Petitioner John H.C. Black's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. Doc #: 1. Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

*Id.* The Court has reviewed the Petition, along with the files and records of the case, and

concludes that it plainly appears that Black is not entitled to relief. Accordingly, pursuant to Rule 4(b), his Petition is summarily **DENIED** and the civil case is **DISMISSED WITH PREJUDICE** for the following reasons.

## I. Background

On December 19, 2014, Black pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. Doc #: 4.[1] On March 13, 2015, the Court sentenced Black to 46 months imprisonment, 3 years supervised release, $1,217,260 in restitution, and a $100 special assessment. Doc #: 19. Black appealed. Doc #: 23. In his appeal, Black argued that the Court miscalculated the loss amount attributable to his fraud. *See United States v. Black*, 652 F. App'x 376, 377 (6th Cir. 2016). The Sixth Circuit dismissed his appeal on September 9, 2016. Doc #: 43. The Sixth Circuit held that the appeal waiver in Black's plea agreement applied and Black had knowingly and voluntarily waived his right to appeal his sentence. *Black*, 652 F. App'x at 380-82. On January 11, 2017, the Supreme Court denied Black's petition for a writ of certiorari. Doc #: 45. Black filed the instant motion on December 22, 2017. Doc #: 46.

## II. Analysis

Pursuant to 28 U.S.C. § 2255, a person in federal custody may move the Court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Doyle*, 631 F.3d 815, 817 (6th Cir. 2011) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001)).

---

[1] All references from here on can be found in *United States v. Black*, 1:14-cr-413.

Black makes four arguments in his motion to vacate his sentence: (1) the Court erred by not considering Black's mental health at the time of the alleged crime; (2) the Court erred by not independently performing a loss calculation in determining the amount of restitution; (3) his trial counsel was ineffective for failing to investigate Interferon's effect on Black's mental state; and (4) his trial counsel was ineffective for failing to argue the actual loss value and assist the Court in making an independent calculation. The Court will address each argument in turn.

To begin, Black's first two arguments are barred by the waiver in his plea agreement. *See* Doc #: 7. Black's plea agreement clearly states that Black waived his right "to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255." Plea Agreement ¶ 18. However, even when the terms of a waiver are clear, "[s]uch waivers are not absolute . . . as they must be made knowingly and voluntarily." *United States v. Gibney*, 519 F.3d 301, 306 (6th Cir. 2008) (citation omitted). To ensure that a waiver is made knowingly and voluntarily, Rule 11 requires the Court to confirm that the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" prior to accepting a guilty plea. FED. R. CRIM. PRO 11(b)(1)(N). At his change of plea hearing, Black acknowledged to the Court that he understood that his plea agreement waived his right to file post-conviction motions. Doc #: 30 at 9-10. Thus, Black's first two arguments are barred by Paragraph 18 of his plea agreement.

Black's last two arguments are claims of ineffective assistance of counsel. A defendant claiming ineffective assistance of counsel must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In order to establish

-3-

prejudice on a § 2255 motion, Black must show a reasonable probability that, but for his counsel's errors, Black's sentence would have been different. *Id.* at 694.

Black first contends that his counsel failed to appropriately investigate the effect of Interferon on Black's mental state. Mot. 8. Black contends that his counsel did not properly investigate the evidence showing that Black's mental state was altered by his use of the Hepatitis-C drug Interferon. *Id.* Had his counsel done so, Black argues that he would not have accepted the plea deal. *Id.* at 11. The record does not support Black's assertions. Black acknowledged in his plea agreement that his attorney had advised him of his:

> Constitutional and other trial and appeal rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, [and] possible defenses [.]

Plea ¶ 27. Further, Black's claim that his counsel did not investigate the effect that Interferon had on his mental state is belied by the Pre-Sentence Report and the transcript from his sentencing hearing. *See* PSR 12 and Sent. Trans. 9-39. Black's counsel called Dr. Glenn Treisman, a psychiatrist from John Hopkins, to testify to the potential effects of Interferon at Black's sentencing. Sent. Trans. 6. The Court considered this evidence in determining the appropriate sentence for Black. Notably, based on the testimony at sentencing, the Court opined that while Black's medication may have contributed to his behavior, it appeared that the conduct at issue began before Black starting taking Interferon. Sent. Trans. 55. The time and attention devoted to exploring this issue prior to and at sentencing is sufficient evidence that Black's counsel investigated the Interferon issue. Thus, Black's claim is meritless.

Black lastly claims that his counsel was ineffective for failing to investigate the loss calculations used at sentencing. Mot. 12. Paragraph 22 of Black's plea agreement listed the

owed Restitution at $1,217,260. Plea ¶ 22. Black acknowledged at his plea hearing that he had read the agreement carefully and discussed it with his counsel before signing it. Plea Trans. 6. Black also orally acknowledged the loss amount at the plea hearing. Plea Trans. 10. (THE COURT: And I'm going to order you to make full restitution in the amount of $1,217,260 to Alotech Limited. Do you understand that? THE DEFENDANT: Yes, Your Honor.). The law is clear that sworn representations such as those given by Black at his plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court concludes that Black's oral sworn statements during his plea hearing undermine his arguments that he believed the loss was miscalculated.

Accordingly, Black's motion is DENIED and the civil case is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

*/s/ Dan A. Polster  Jan. 9, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**